**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYAN O'DELL, | : |
| | : |
| Plaintiff, | : Case No. 1:22-cv-7931 |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| FORMA THERAPEUTICS HOLDINGS, | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| INC., PETER WIRTH, J.D., FRANK D. LEE, | : **THE SECURITIES EXCHANGE ACT** |
| TIMOTHY P. CLACKSON, PH.D., | : **OF 1934** |
| MARSHA FANUCCI, WAYNE A. I. | : |
| FREDERICK, M.D., PETER KOLCHINSKY, | : **JURY TRIAL DEMANDED** |
| PH.D., ARTURO MOLINA, M.D., and | : |
| THOMAS G. WIGGANS, | : |
| | : |
| Defendants. | : |

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Forma Therapeutics Holdings, Inc. ("Forma or the "Company") and the members Forma board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Forma by affiliates of Novo Nordisk A/S, a Danish *aktieselskab* ("Novo Nordisk").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on September 15, 2022 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby NNUS New Dev, Inc., a wholly owned subsidiary of Novo Nordisk, will merge with and into Forma, with Forma continuing as the surviving corporation and as a wholly owned subsidiary of Novo Nordisk (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated August 31, 2022 (the "Merger Agreement"), each Forma common share issued and outstanding will be converted into the right to receive $20.00 per share owned (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Forma's outstanding common stock and will expire on the date that is twenty (20) business days following the commencement of the offer on September 15, 2022 (the "Tender Offer").

3. Defendants have now asked Forma's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Forma's financial projections relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Centerview. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Forma stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Forma's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Plaintiff resides in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Forma common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Peter Wirth, J.D. has served as a member of the Board since November 2012 and is the Chairman of the Board.

11. Individual Defendant Frank D. Lee has served as a member of the Board since March 2019 and is the Company's President and Chief Executive Officer.

12. Individual Defendant Timothy P. Clackson, Ph.D. has served as a member of the Board since March 2018.

13. Individual Defendant Marsha Fanucci has served as a member of the Board since October 2014.

14. Individual Defendant Wayne A. I. Frederick, M.D. has been a member of the Board since July 2020.

15. Individual Defendant Peter Kolchinsky, Ph.D. served as a member of the Board since December 2019.

16. Individual Defendant Arturo Molina served as a member of the Board since January 2022.

17. Individual Defendant Thomas G. Wiggans served as a member of the Board since September 2020.

18. Defendant Forma is incorporated in Delaware and maintains its principal offices at 300 North Beacon Street, Suite 501, Watertown, MA 02472. The Company's common stock trades on the NASDAQ Global Select under the symbol "FMTX."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20. The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

A.  **The Proposed Transaction**

21.  Forma, a clinical-stage biopharmaceutical company, focuses on development and commercialization of novel therapeutics for treatment of rare hematologic diseases and cancers. Its core product candidates for development include FT-4202, which is Phase 1 trial for the treatment of sickle cell disease and other hemoglobinopathies; and FT-7051 for the treatment of metastatic castration-resistant prostate cancer. The Company is also developing Olutasidenib, a selective inhibitor for cancers with isocitrate dehydrogenase 1 gene mutations, which is in Phase II trial for the treatment of relapsed/refractory acute myeloid leukemia and Phase I trial to treat glioma; and FT-8225, a liver-targeted fatty-acid synthase inhibitor designed to block de novo lipogenesis in the liver. Forma was founded in 2007 and is headquartered in Watertown, Massachusetts.

22.  On September 1, 2022, Novo Nordisk and the Company announced the Proposed Transaction:

> BAGSVÆRD, Denmark & WATERTOWN, Mass.--(BUSINESS WIRE)--Sep. 1, 2022-- Novo Nordisk and Forma Therapeutics, Holdings Inc. (Nasdaq: FMTX) today announced that they have entered into a definitive agreement under which Novo Nordisk will acquire Forma Therapeutics for $20 per share in cash, which represents a total equity value of $1.1 billion. Forma Therapeutics is a clinical-stage biopharmaceutical company focused on transforming the lives of patients with sickle cell disease (SCD) and rare blood disorders.
>
> * * *
>
> The acquisition of Forma Therapeutics, including its lead development candidate, etavopivat, is aligned with Novo Nordisk's strategy to complement and accelerate its scientific presence and pipeline in hemoglobinopathies, a group of disorders in which there is abnormal production or structure of the hemoglobin protein in the red blood cells.

5

"Novo Nordisk has worked for more than 40 years to develop and deliver transformative medicines to patients around the world with rare and devastating diseases. By adding Forma's differentiated approach to address unmet needs for patients, we are taking a step forward in enhancing our sickle cell disease pipeline," said Ludovic Helfgott, executive vice president and head of Rare Disease at Novo Nordisk. "We have an ambition to build a leading portfolio with standalone and combination treatments to tackle the complications and underlying causes of sickle cell disease."

Etavopivat, an investigational oral, once-daily, selective pyruvate kinase-R (PKR) activator, is being developed to improve anemia and red blood cell health in people with SCD, a seriously debilitating, life-threatening and life shortening disease. Etavopivat is currently being evaluated in a global phase 2/3 clinical trial (Hibiscus) in patients with SCD, and in a phase 2 trial (Gladiolus) in patients with transfusion-dependent SCD and another inherited hemoglobinopathy called thalassemia.

"Today's announcement is an exciting milestone that accelerates Forma's purpose to transform the lives of patients with sickle cell disease and other serious hematological diseases," said Frank D. Lee, president and chief executive officer of Forma. "Novo Nordisk will partner closely with the sickle cell community to amplify our impact for patients around the world who urgently need new treatment options. We look forward to working together with Novo Nordisk to serve as a trusted partner to our communities and to advance innovation, access and health equity for patients."

The transaction will not impact Novo Nordisk's previously communicated operating profit outlook for 2022 or the ongoing share buy-back program. Novo Nordisk will fund the acquisition from financial reserves.

**About the transaction**

Under the terms of the agreement, Novo Nordisk will initiate a tender offer to acquire all outstanding shares of Forma Therapeutics' common stock at a price of $20 per share in cash (or aggregated value of $1.1 billion) and a premium of 92% to Forma Therapeutics' volume-weighted average price per share over the past 30 days ended August 31, 2022.

The transaction has been unanimously approved by the Forma Therapeutics Board of Directors. The closing of the tender offer will be subject to certain conditions, including the tender of shares

representing a majority of Forma Therapeutics' outstanding shares, receipt of applicable regulatory approvals and other customary conditions. Upon the successful completion of the tender offer, Novo Nordisk's acquisition subsidiary will merge into Forma Therapeutics, and any shares of common stock of Forma Therapeutics not tendered into the offer will receive the same USD per share price payable in the tender offer. The transaction is expected to close in the fourth quarter of 2022.

In addition, certain affiliates of RA Capital Management, L.P., which collectively own approximately 19% of Forma Therapeutics' outstanding shares, have entered into a support agreement pursuant to which they committed to tender their shares in the tender offer.

Novo Nordisk is represented by Moelis & Company UK LLP as financial advisor and Davis Polk & Wardwell LLP as legal advisor. Forma Therapeutics is represented by Centerview Partners LLC as financial advisor and Goodwin Procter LLP as legal advisor.

\* \* \*

23. It is therefore imperative that Forma's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

B. **The Materially Incomplete and Misleading Solicitation Statement**

24. On September 15, 2022, Forma filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Centerview's Financial Analysis*

25. With respect to Centerview's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 13.0% to 15.0%; (ii) the implied terminal value of the Company; (iii) the Company's weighted average cost of capital; (iv) the basis for assuming that the rate of free cash flow would decline 80% year-over-year in perpetuity; (v) the number of fully diluted outstanding shares of Forma as of August 30, 2022; and (vi) the expected dilutive effect of the 2023 Capital Raise.

26. With respect to Centerview's *Analyst Price Target Analysis*, the Solicitation Statement fails to disclose: (i) the Wall Street research analysts reviewed; and (ii) the stock price targets published by each analyst.

27. With respect to Centerview's *Precedent Premiums Paid* analysis, the Solicitation Statement fails to disclose: (i) the transactions selected; and (ii) the premiums paid in those transactions.

28. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

29. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

30. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

31. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

32. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

33. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

34. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their

shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

35. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

36. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

37. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

38. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

39. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

40. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Forma within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Forma, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Forma, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior

to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Forma, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

47. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: September 16, 2022	**MELWANI & CHAN LLP**

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Floor
New York, New York 10036

13


Tel: (212) 382-4620
Email:  gloria@melwanichan.com

*Attorneys for Plaintiff*